HON. J. G. TALIAFERRO, ⎤
HON. R. K. HOWELL,  ⎟
HON. W. G. WYLY,  ⎬ *Associate Justices.*
HON. P. H. MORGAN.  ⎦

————————

## No. 444.

DAVID BOWEN, Guardian, *v.* F. R. CALLAWAY, Tutor.

The parish court having made the appointment of tutor, and having jurisdiction of the tutor's administration, is the proper tribunal in which the tutor should be called on to account for and deliver the property of the minor to a legal representative of said minor.

The plaintiff, having satisfactorily exhibited evidence of his appointment as guardian of a minor in the State of Georgia, is entitled to sue for and recover the property in this State belonging to his ward.

The appointment of the defendant as tutor, contradictorily with and on the opposition of plaintiff's predecessor, did not conclude such predecessor, or the plaintiff, his successor, from asserting the right set up in this action, which is different from that involved in the former contest; nor was it necessary for the plaintiff to show before instituting this suit that no debts existed against the minor. Protection is provided in this respect by the Code.

APPEAL from the Parish Court, parish of Webster. *Taylor*, J. *Watkins & Fort*, for plaintiff and appellant. *L. B. Watkins*, for defendant and appellee.

HOWELL, J. The plaintiff, a resident of Terrell county, Georgia, representing himself as the legally appointed guardian of the minor, James A. G. Roby, sues the tutor of said minor in Webster parish for the funds and property in his hands belonging to the said minor, to be recognized as guardian and for authority to remove the property upon complying with article 364 R. C. C. The defendant excepts:

*First*—To the jurisdiction of the parish court, the amount claimed being over five hundred dollars, and the matter not being probate;

*Second*—That plaintiff is not legally appointed the guardian, and the ordinary of Terrell county, Georgia, had no jurisdiction to make such appointment.

*Third*—That plaintiff has judicially declared defendant to be the tutor, and has shown no cause of action while such tutorship exists.

*Fourth*—That defendant was appointed tutor contradictorily with plaintiff's predecessor, who then assumed the same quality, which he pleads as *res judicata*.

*Fifth*—That previous to the institution of this suit plaintiff did not make proof that there were no debts against the minor.

*Sixth*—That the succession of the minor's father and the accounts of the defendant, as tutor, to the latter of which plaintiff has filed an opposition, are not settled.

The judge *a quo* maintained his jurisdiction, but dismissed the suit on the ground that plaintiff's appointment was a nullity, that of the defendant being operative. In our opinion he did not err in maintaining his jurisdiction; the parish court having made the appointment of tutor, and having jurisdiction of the tutor's administration, is the proper tribunal in which the tutor should be called on to account for and deliver the property of the minor to a legal representative of said minor. But we think the judge erred in dismissing the action upon any of the exceptions filed.

The plaintiff has exhibited satisfactory evidence of his appointment as guardian of the minor in the State of Georgia, whither his mother had removed with him after his father's death in this State, and where she contracted a second marriage and afterwards died, and under the terms of article 363 R. C. C., the plaintiff is entitled to sue for and recover the property in this State belonging to his ward. See 4 An. 523.

The appointment of the defendant as tutor, contradictorily with and on the opposition of plaintiff's predecessor, did not conclude such predecessor or the plaintiff, his successor, from asserting the right set up in this action, which is different from that involved in the former contest. Nor is it necessary for the plaintiff to show, before instituting this action, that no debts exist against the minor. Protection is provided in this respect by the Code. The exceptions seem to have been treated as an answer, and evidence introduced to show the condition of the minor's estate in the hands of the defendant, from which it appears that the succession of the father has been fully administered; that the defendant owes the minor $4813 89 on his final account, and that the items of property in the hands of the defendant, belonging to the said minor, are properly described in plaintiff's petition.

It is therefore ordered that the judgment appealed from be reversed and that the plaintiff, David Bowen, of Georgia, be recognized as the

guardian of James A. G. Roby, and that defendant pay over to him the sum of $4813 89, with five per cent. interest from fourteenth August, 1873, and deliver to him the property described in plaintiff's petition as belonging to said minor, and in his, defendant's hands, upon plaintiff's making proof as required by article 364 R. C. C., that the debts of the minor are paid, after which the said plaintiff shall be authorized to remove said funds and property of said minor from this State. It is further ordered that the defendant pay costs in both courts.

Rehearing refused.